OPINION
Derrick L. Kidd was indicted for possession of crack cocaine, a fifth degree felony. After his motion to suppress evidence was overruled, the defendant entered a plea of no contest and was found guilty. The trial court imposed a sentence of nine months imprisonment, a fine of $2500, which was suspended, and a six-month driver's license suspension. A notice of appeal was filed on Kidd's behalf, and Attorney Arvin S. Miller of the Office of the Montgomery County Public Defender undertook Kidd's appellate representation. On October 14, 1999, Mr. Miller moved to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, asserting that he could "find no meritorious issues to appeal." Simultaneously, Mr. Miller filed a brief containing a "possible assignment of error" which asserted that "the trial court erred in overruling appellant's motion to suppress evidence by finding that the police contact was a consensual encounter and not a stop or seizure." On October 22, 1999, this court notified Kidd that Mr. Miller had filed an Anders brief and accorded Kidd sixty days within which to file a pro se brief assigning any errors for review. On December 13, 1999, Kidd filed a brief which incorporated the Anders brief previously filed by Mr. Miller and added additional argumentation.
The State has responded to Kidd's appellate brief.
Pursuant to our obligation to independently review the record, we have done so and conclude that Mr. Miller is correct in concluding that there are no meritorious issues for appeal. After an evidentiary hearing on the motion to suppress, at which Dayton Police Officer Roger Kielbaso was the sole witness, the trial court rendered a comprehensive four-page decision, order, and entry overruling Kidd's motion to suppress. The trial court found that the encounter between Officer Kielbaso and Kidd was "consensual" as discussed in State v. Taylor (1995), 106 Ohio App.3d 741
at 747, which cited, inter alia, U.S. v. Mendenhall
(1980), 446 U.S. 544, 553.
In our judgment, the trial court was correct in determining that the encounter was consensual and did not implicate Fourth Amendment protections. Briefly, Officer Kielbaso, in his marked cruiser, was proceeding toward Kidd, who was walking in the opposite direction, and observing that Kidd was swinging his left arm in a normal walking fashion, but keeping the right arm rigid and the right fist clenched. Without turning on the overhead cruiser or sounding his siren or horn, Officer Kielbaso drove up to Kidd and asked him through the passenger side window what he had in his hand, at which time Kidd raised his hand to approximately waist level, opened his clenched fist, and dropped onto the ground several pieces of a white chunky substance, which later proved to be crack cocaine. In our judgment, the trial court correctly concluded that Fourth Amendment guarantees were not implicated by this encounter because there was neither an exertion of physical force nor show of authority by Officer Kielbaso such that Kidd would not have felt free to decline to respond to Officer Kielbaso's question, or otherwise terminate the encounter. Taylor, supra 747-748.
Accordingly, we agree with the assessment of counsel that there are no meritorious issues for appeal, and the judgment of conviction will be affirmed.
BROGAN, J. and FAIN, J., concur.